## CARTER v. BURCH PLOUGH WORKS CO.

(District Court, N. D. Ohio, E. D. April 23, 1913.)

No. 77.

PATENTS (§ 328*)—INFRINGEMENT—CULVERT.

The Carter patent, No. 777,714, for a culvert, claim 1, must be narrowly construed in view of the prior art, and as so construed *held* not infringed.

In Equity. Suit by Lucy L. Carter against the Burch Plough Works Company. On final hearing. Decree for defendant.

John W. McCarron, of Galion, Ohio, and Jesse A. Fenner, of Cleveland, Ohio, for plaintiff.

Offield, Towle, Graves & Offield, of Chicago, Ill., for defendant.

DAY, District Judge. The complainant, Lucy L. Carter, as assignee of Charles W. Carter, files her bill of complaint against the Burch Plough Works Company and prays for an injunction and accounting

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

211 F.—31

against this defendant company for the infringement of United States letters patent No. 777,714, for a culvert issued December 20, 1904, to C. W. Carter.

The claim which it is alleged is infringed by the device manufactured by the defendant company is the first claim of the patent, and reads:

"A culvert section adapted to form one-half of a culvert in cross-section, having depending from its horizontal edges a series of separated flanges and a complementary section having projecting upwardly from its horizontal edges complementary interlocking flanges."

The defenses are: First, invalidity of the patent by reason of the condition of the prior art; secondly, that the culvert manufactured by the defendant company does not infringe the patent in suit.

The invention of the patent in suit appears to consist particularly in a special structure of a drainage tube which may be used to constitute the main elements of any culvert structure, or any tube used in a drain or sluiceway. The invention described in the patent consists of two somewhat differing forms, one shown in figures 1, 2, 3 of the drawing, and one in figures 4, 5, and 6 of the drawing.

Claim 1, the claim in controversy, appears to be based upon the invention disclosed in figures 1, 2, and 3. In these figures the flanges identified as $E$ and $E'$ are disposed along the two sections $AB$, and so arranged as to interfit with each other when the two sections are brought together. These flanges $E$ and $E'$ extend downwardly, and upwardly, respectively, from the outer face of longitudinal ribs, $bD$ and $D'$ on the meeting edges of the sections $AB$.

Referring to these flanges, it is stated in lines 88 to 94, on page 1, of the specifications:

"It will be observed also that the flanges $E$ and $E'$ form a continuous overlap for the horizontal joint between the upper and lower sections and also lock the upper and lower sections against endwise movement unless they are first vertically separated, as shown in figure 2."

Claim 1 of the patent then provides for a culvert section, so made as to consist of two halves which may be placed together in such a manner as to prevent longitudinal and lateral displacement by reason of each cross-section having depending from its horizontal edges a series of separated flanges placed in such a manner as to permit of these flanges interlocking and forming a continuous rib or flange. These flanges interlock in such a manner as to prevent endwise or sidewise movement or displacement of the two sections, and also join one another in such a manner as to form a continuous overlap for the horizontal joint between the upper and lower sections. Advantages which arise from this structure are plain in that the sections are held in position, and also the ingress of dirt, soil, or water to the culvert tube is limited.

It was old in the art to make a drainage tube of two cylindrical sections placed edge to edge, as shown in patent No. 32,079, Hewkumet, April 16, 1861; patent No. 215,947, McMackin, May 27, 1879; patent No. 567,653, Parker, September 15, 1896. The culvert tubes were also constructed prior to this patent in such a manner as to make a culvert

of triangular cross-sections from three longitudinal sides or sections, the meeting edges of which are formed with interlocking lugs, or flanges adapted to prevent relative longitudinal or endwise movement of the several sections.

Such structures are shown in patent No. 694,796, Sicckesteel, March 4, 1902; patent No. 722,396, Beach, March 10, 1903; patent No. 770,-237, Lauridtzen, September 13, 1904.

These various patents disclose that it was old to form a drainage tube composed of two distinct sections or three distinct parts, and it was old to join these various sections together by means of lugs or flanges which had the effect of fitting into or interlocking one with another in such a manner as to prevent lateral or longitudinal displacement.

Such being the state of the art at the time of the patent in suit, claim 1 should be limited to a culvert tube or drain pipe adapted to form a culvert in cross-sections having depending from the horizontal edges of one-half section a series of separated flanges and a complementary section having the same sort of flanges made in such a manner as to interfit or interlock with the other section of the culvert in such a manner as to prevent lateral or longitudinal displacement, and form a continuous ridge or flange by means of these interlocking portions of the two separate parts of the tube.

The culvert manufactured by the defendant company is formed in two longitudinal halves meeting edge to edge when assembled, the upper half having depending from each of its horizontal edges a pair of separate lugs which might be called flanges, and the lower half having projecting upwardly from its horizontal edges complementary interlocking lugs or flanges, co-operating with the lugs of the upper sections to prevent endwise or lateral displacement of the two sections.

In this structure there are but four lugs or flanges on each side of the tube; the two co-operating pairs on each side being so widely separated as not to affect any continuous overlap of the joint between the two sections. Nothing appears in this structure to indicate that these lugs or flanges are so placed as to form a series of separated flanges and thereby form a continuous overlapping flange. The series of flanges and the function performed by such a series of flanges and a continuous overlapping ridge or flange are absent in the defendant's device.

Having given the construction to claim 1 of the complainant's patent which seems fair in consideration of the prior art and of the specifications and reference to the figures in the drawings of the patent, the invention is the narrow one as set forth by the claim as I have before interpreted that claim. That being the situation, the structure manufactured by the defendant company does not infringe the patent of the complainant, and the bill is dismissed.